H. W. ROBARTS, as President of the City Council of the City of Arcadia, and J. L. NEWTON, GUS DICKHART, JOHN B. YORK and DAVID BROWDER as members of the City Council of the City of Arcadia v. THE STATE OF FLORIDA EX REL. S. C. SMITH.

37 So. (2nd) 577                        June Term, 1948
November 19, 1948                             En Banc
Rehearing denied December 17, 1948.

*George Leitner* and *Lewis E. Purvis,* for appellants.

*Rosin* and *Paderewski,* for appellee.

BARNS, J.:

The circuit court issued an alternative writ of mandamus to appellants-respondents requiring them to canvass the returns of a referendum election on the adoption of ch. 24379, Acts 1947, relating to the City of Arcadia, or show cause for noncompliance.

The appellants answered said writ to the effect that on May 11, 1948, a purported referendum election having to do with "consolidation" was held in the City of Arcadia, pursuant

to an order of the circuit court on the question of approval of ch. 24379, Special Laws of 1947; that the Mayor of the City of Arcadia announced and had published a proclamation calling said special referendum election and by his proclamation set up an additional polling place in the negro quarters in the City of Arcadia and appointed three additional inspectors of election and one additional clerk to preside at the additional polling place set up by him; that such additional polling place and the appointment of the inspectors and clerk for such polling place were without authority of law; that a majority of the voters at the regular and customary polling place within the City of Arcadia voted to reject said consolidation, but the voters at the additional polling place voted for the consolidation in a sufficient majority to override the majority vote cast at the regular voting place; that on May 21, 1948, the City Council of the City of Arcadia, Florida, met to consider the matter of the canvass of the referendum election returns and, upon motion duly made and carried in open meeting, declared the said referendum election void and directed the calling of a new referendum election to be held in accordance with the laws of the State of Florida and Municipal Ordinances.

Upon relator-appelle's motion for a peremptory writ notwithstanding the answer, the circuit court granted the motion to the effect that the votes at both polls should be canvassed, of which final judgment the respondents now seek review by this appeal.

It affirmatively appears from the answer that the City of Arcadia consists of only one voting precinct and no authority has been shown authorizing the Mayor to create additional precincts. It thus appears that the election was so irregularly conducted as to justify the City Council to order the call of another election. The time for such election as prescribed by the statute has passed, but time was not of the essence of the act. The law was directory as to "time" for holding the election. However, a properly conducted election is of the essence, and the failure to properly conduct an election within the prescribed time will not be allowed to defeat the legislative intent.

The judgment appealed is reversed.

THOMAS, C. J., TERRELL, SEBRING and HOBSON, JJ., concur.

CHAPMAN, and ADAMS, JJ., dissent.